**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDRE KIMBOKO,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
on behalf of its agencies, now or then
were agency heads and officials, and
other government officials;
DEPARTMENT OF COMMERCE,
Acting Secretary; LARRY IRVING,
Assistant Secretary for
Communications and Information and
Administrator, NTIA; MICHAEL
KANTOR, Acting Secretary,
Department of Commerce; DONNA
SHALALA, Secretary, Department of
Health and Human Services; MARC
R. WEISMAN, Director, Division of
Acquisition Policy and Oversight, via
Donna Shalala, Department of Health
and Human Services; JESSE
BROWN, Secretary, Department of
Veterans Affairs; MARILYN
MARTIN, Acting Director,
Acquisition Operations Service, via
Secretary Jesse Brown, Department
of Veterans Affairs; RODNEY E.
SLATER, Secretary, Department of
Transportation; RICH LIEBER,
Procurement Operation Division,
via Secretary Rodney E. Slater,
Department of Transportation;
AL GORE, Vice President of the
United States of America;

No. 00-1480
(D.C. No. 00-M-1126)
(D. Colo.)

BILL MASON, Director of Correspondence for the Vice President, via Al Gore, Vice President of the United States of America; MICHAEL R. NELSON, Special Assistant to the President of the United States of America, Office of Science and Technology Policy, The White House,

Defendants-Appellees.

## ORDER AND JUDGMENT [*]

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of a district court order dismissing his civil rights action brought pursuant to 42 U.S.C. § 1981. He claimed his rights were violated by various federal governmental officials' failure to comply with Federal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Acquisition Regulations (FARs) governing consideration of unsolicited proposals. Plaintiff had submitted his unsolicited proposal for an "on-line internal information retrieval system/network" to then Vice President Al Gore and several federal government agencies. He alleged that he is an African American and that his proposal was not properly evaluated under the regulations. He sought money damages and equitable and legal relief, and punitive damages, in amount equal to the full funding of his proposal. R. Vol. I, Doc. 1 at 35-36.

In an earlier action transferred from the District of Colorado, the Federal Circuit Court of Appeals determined that the Court of Federal Claims lacked jurisdiction over plaintiff's claimed violations of the FARs and the Federal Torts Claims Act, as well as his civil rights claim. See Kimboko v. United States, No. 99-5020, 2000 WL 628835, at **1 (Fed. Cir. May 5, 2000) (unpublished disposition). The court further held that plaintiff had failed to establish the elements of an implied-in-fact contract. Id.

Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants further argued that the complaint was barred by the statute of limitations. The district court held that plaintiff had failed to state a claim under § 1981 because he had set forth no allegations sufficient to support a claim that his race was a motivation

in any governmental decisions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On appeal, the government argues that it is protected against suits of this nature by the doctrine of sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman , 465 U.S. 89, 99 n.8 (1984) (sovereign immunity deprives federal courts of jurisdiction to entertain claims against government and may be raised at any time). Under the doctrine of sovereign immunity, the government is immune from suit unless it consents to be sued. See United States v. Richman (In re Talbot) , 124 F.3d 1201, 1205 (10th Cir. 1997). Moreover, "[t]he United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." Id. at 1206.

Plaintiff's claimed basis of jurisdiction for its claims against the United States and various federal agencies is § 1981. However, § 1981 is inapplicable to alleged discrimination under color of federal law. Davis-Warren Auctioneers, J.V. v. FDIC , 215 F.3d 1159, 1161 (10th Cir. 2000). See also Davis v. United States Dep't of Justice , 204 F.3d 723, 725 (7th Cir. 2000); Lee v. Hughes , 145 F.3d 1272 (11th Cir. 1998). We are, of course, free to affirm the district court's decision on any ground on which the record is "sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandia ,

188 F.3d 1215, 1217-18 (10th Cir. 1999) (further quotation omitted). This action cannot be maintained under § 1981.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Senior Circuit Judge