OPINION
PER CURIAM.
Appellant Michael Sindram, proceeding pro se, appeals the order of the District Court dismissing his complaint with prejudice. For the following reasons, we will affirm.
On January 22, 2007, Sindram filed a complaint against Wendella P. Fox, Director of the United States Department of Education’s Philadelphia Office of Civil *303 Rights (“OCR”) claiming violations of the United States Constitution and various federal laws, including the Freedom of Information Act (“FOIA”). Sindram alleges that he was discriminated against on the basis of age and disability while attending Columbia Union College, the University of Maryland, and Washington Bible College (“the schools”) at various times. He filed complaints with the OCR regarding the discrimination, and OCR opened an investigation. He asserts that the schools retaliated against him for filing the complaints, and complains that the OCR was aware of the retaliation, but that defendant took no action. Sindram filed a FOIA request, asking for documents relating to the OCR’s investigation. In January 2007, the OCR denied the request after a telephone conversation with Sindram in which he refused to specify what he was seeking or to pay a fee for provision of an additional seventy pages. The OCR also informed Sindram of his right to appeal the decision within thirty days. On April 10, 2007, the OCR released to Sindram 170 pages of documents relating to its investigation, subject to certain redactions for privacy pursuant to 5 U.S.C. § 552(b)(7)(C).
In October 2007, the District Court granted the defendant’s motion to dismiss with leave to amend certain claims.[1] Sin-dram filed an amended complaint in November 2007, but did not include proof of a FOIA appeal or any response by OCR to any such appeal. Upon defendant’s motion, the District Court dismissed Sin-dram’s constitutional and FTCA claims with prejudice, but denied the motion to dismiss as to Sindram’s FOIA claim. The court ordered Sindram to produce within thirty days evidence of or a specific description of his exhaustion of his administrative remedies, warning that it would dismiss the claim with prejudice if he did not comply. The court also denied the motion as to Sindram’s claims under 42 U.S.C. § 1981 and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 et seq. (“ADA”) because defendant had failed to brief the question of whether Sindram stated a claim for relief.
Sindram filed a “motion for appropriate and adequate relief,” to which defendant filed a response, along with a renewed motion to dismiss. The District Court granted the motion to dismiss the remaining claims with prejudice by order entered March 3, 2009. Sindram timely appealed.
I.
Our review of the District Court’s orders is plenary. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir.2005). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Carp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint “pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id.
II.
A. FOIA Claim
The District Court dismissed Sin-dram’s FOIA claim because he filed his *304 response several days beyond the thirty-day deadline that the court had set. The District Court also determined that, even if it were to consider his response as timely, Sindram failed to provide evidence that he had exhausted his administrative remedies. In his brief to this Court, Sindram has, for the first time, attempted to provide such evidence. He has attached to his brief an April 14, 2007 letter titled “Appeal of Freedom of Information Act (FOIA) Request ‘response’...” In it, Sindram states: “FOIA requests ... remains [sic] pending and unacted upon ... When to receive copy of requested entitled afore-referenced documents as per operation of law [sic]?” It appears that the “appeal” is a request that the OCR act on his initial FOIA requests, rather than an appeal from the OCR’s January 2007 denial of his request or its April 10, 2007 decision to release certain documents. Moreover, the “appeal” was filed four months after Sin-dram filed suit. See Oglesby v. Department of Army, 920 F.2d 57, 65-66 (D.C.Cir.1990) (if an agency responds to a request at any time before the requester’s FOIA suit is filed, the requester must administratively appeal a denial and wait at least twenty working days for the agency to adjudicate that appeal before commencing litigation). In any event, even if the April 14, 2007 letter could be construed as a timely appeal of an OCR decision, the letter was not part of the record before the District Court, and we may not consider it. In re Capital Cities/ABC, Inc.’s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir.1990).
B. 12 U.S.C. § 1981 Claim
Sindram argues that defendant’s failure to remedy the schools’ discriminatory acts violated § 1981. By its terms, § 1981 provides a private cause of action for discrimination by private actors and discrimination under color of state law. See § 1981(a), (c). Defendant, as an official of the Department of Education, was operating under color of federal law, and § 1981 does not protect against discrimination under color of federal law. See, e.g., Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir.2005); Davis-Warren Auctioneers v. FDIC, 215 F.3d 1159, 1161 (10th Cir.2000); Davis v. U.S. Dept. of Justice, 204 F.3d 723, 725 (7th Cir.2000); Lee v. Hughes, 145 F.3d 1272, 1277 (11th cir. 1998). Accordingly, the District Court properly concluded that Sindram failed to state a cognizable claim under 42 U.S.C. § 1981.
C. Age Discrimination Act Claim
Sindram seeks damages and an injunction based upon defendant’s alleged violations of the ADA. The District Court concluded that the ADA does not permit a private cause of action against an employee of the Department of Education. Although we have not addressed the precise issue presented here in a precedential opinion, the two-step inquiry for determining whether a private right of action exists under a federal statute is clear; a court must ascertain “(1) whether Congress intended to create a personal right in the plaintiff; and (2) whether Congress intended to create a personal remedy for that plaintiff.” McGovern v. City of Phila., 554 F.3d 114, 116 (3d Cir.2009); see also Alexander v. Sandoval, 532 U.S. 275, 286-87, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (if a statute does not display congressional intent to create a private remedy, courts may not create one). To determine Congress’s intent, we examine “the text and structure of the statute; the existence or nonexistence of a comprehensive remedial scheme elsewhere in the same statute; the statute’s legislative history; and Congress’s explicit creation of private rights in *305 similar statutes enacted during the same time period.” McGovern, 554 F.3d at 119.
The text of the ADA creates federal rights[2], but does not include federal agencies or employees within its reach[3], even after Congress expanded its scope with the Civil Rights Restoration Act of 1987. Congress also created a comprehensive remedial scheme that does not include a cause of action against a federal agency or its employees. See McGovern, 554 F.3d at 118 (“courts should not imply rights of action where Congress has already established a different remedial scheme”). The ADA’s enforcement mechanism includes federal agency oversight and a private cause of action for injunctive relief against a recipient of federal funds. See §§ 6103, 6104(a)-(c). Importantly, under § 6104(c), a court may enjoin a violation of the ADA, but not a federal agency’s failure to remedy such a violation, which is what Sindram would have us do. We agree with the District Court that Congress did not intend to create a private cause of action against a federal agency or its employees for failure to remedy an alleged violation of the ADA.
III.
For the foregoing reasons, we will affirm the District Court’s judgment.[4] Sin-dram’s motion for mediation and the appointment of counsel is denied.

. The District Court gave Sindram leave to amend his FOIA claim provided that he demonstrated or alleged in good faith that he had exhausted his appeals. The court also recognized that the OCR had released 170 pages of documents relating to its investigation and that Sindram should not amend if those pages satisfied his request.

. "[N]o person in the United State shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance.” 42 U.S.C. § 6102.

. "Program or activity” is defined to include state and local governments and instrumen-talities, colleges, universities, and certain corporations. Federal employees and agencies are not included in the definition. See 42 U.S.C. § 6107(4).

.For the reasons the District Court provided in the orders filed on October 31, 2007 and August 5, 2008, Sindram's remaining constitutional claims and claims under the Rehabilitation Act and the FTCA properly were dismissed.