94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian E. DAVIS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
and Loretta Wright, Defendants-Appellees.
 No. 95-2586.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.*
Decided Aug. 14, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Loretta Wright submitted two complaints to the Chicago office of the Department of Housing and Urban Development (HUD). Both complaints alleged that Brian E. Davis and his employees denied housing to Wright in the apartment building owned and operated by Davis, on account of Wright's race. According to HUD, it did not accept the first complaint, submitted in December 1993, for filing because it was incomplete. HUD did accept the second complaint as complete and filed it on February 4, 1994. On February 7, 1994, a HUD investigator, Larry D. Burks, began an investigation of the complaint. In the course of his investigation, Burks interviewed some of Davis's tenants. During these interviews, Burks informed the tenants that a complaint alleging housing discrimination based on race had been filed against Davis and told the tenants of the complaint's "general nature." Burks also contacted Davis and requested information about Davis's rental policies and history. Davis claims that the phone calls, letters, and visits by Burks and other HUD employees were harassing and threatening to his privacy, and that informing his tenants about the discrimination complaint humiliated him. Neither Burks nor his supervisor, Thomas Higginbothan, disclosed the existence or substance of the complaint to the public other than to those tenants who were interviewed. They also never disclosed anything done or said during the course of the attempted conciliation of the matter. There is no indication in the record or briefs that Wright's complaint has been resolved.
 
 
 2
 On September 16, 1994, Davis brought this pro se action against HUD and Wright. His initial complaint alleged that HUD had violated provisions of 42 U.S.C. § 3610 (a section of the Fair Housing Act as amended, also known as Title VIII), and requested a decree dismissing Wright's HUD complaint, an injunction against further alleged illegalities by the defendants, and costs and "appropriate" sanctions. His amended complaint added assertions that HUD had violated the Fourth and Fifth Amendments of the United States Constitution, and Article I, Section 8 of the Wisconsin Constitution, and requested the additional relief of monetary damages from HUD and Wright. The district court decided the case on defendants' motion for summary judgment, concluding that the court lacked jurisdiction to hear Davis's claims and also noting that Davis had failed to state valid causes of action. Davis appeals. Because all of Davis's requested remedies are unavailable, and also because he fails to state valid claims, we affirm the judgment of the district court.
 
 
 3
 Davis's federal constitutional claims are easily rejected.[1] He does not allege a search or seizure in his complaint, only requests and demands for information. Accordingly, he has no cause of action under the Fourth Amendment. See U.S. Const. Am. IV (prohibiting "unreasonable searches and seizures"). Nor does he have a claim under the equal protection component of the Due Process Clause, because he does not suggest in his complaint that he was treated unequally. His allegation in his brief that he was investigated based on his race comes too late. Davis's final constitutional argument is that HUD's demands for information violated his privilege not to incriminate himself under the Fifth Amendment. However, this privilege "may not be invoked to resist compliance with a regulatory regime constructed to effect the State's public purposes unrelated to the enforcement of its criminal laws." Baltimore City Dept. of Soc. Services v. Bouknight, 493 U.S. 549, 555-559 (1990) (discussing cases).
 
 
 4
 Davis's remaining claims allege violations of 42 U.S.C. § 3610. Neither § 3610 nor the other provisions of the Fair Housing Act provide an explicit private right of action to a person being investigated by HUD to enforce the procedural mechanisms of § 3610. Accordingly, Davis must be asserting an implied private right of action. It is the burden of the party seeking an implied private right of action to demonstrate that Congress intended to make available such a right of action. See Suter v. Artist M., 503 U.S. 347, 363-64 (1992) (citing Cort v. Ash, 422 U.S. 66, 78 (1975)). Davis does not even attempt to meet his burden. We conclude that he has no cause of action based on HUD's alleged violations of 42 U.S.C. § 3610.
 
 
 5
 As for the remedies sought in this action,[2] Davis first asks for a decree finding no merit in Wright's HUD complaint and dismissing it with prejudice. When Davis filed his action in the district court, HUD had not yet decided whether Wright should prevail on her complaint. Accordingly, there was no "final agency action" on Wright's complaint for the district court to review. 5 U.S.C. § 704; see FTC v. Standard Oil Co. of California, 449 U.S. 232 (1980).
 
 
 6
 Davis next asks for an injunction against HUD[3] preventing it from taking any retaliatory action against him in the form of new complaints, investigations, or subpoenas, or from harassing him, his manager, or his tenants. However, courts should not interfere with ongoing agency investigations unless there is a controversy ripe for judicial resolution. See, e.g., Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). "[T]he question of ripeness turns on the 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' " Pacific Gas and Electric Co. v. State Energy Resources Conservation & Development Comm'n, 461 U.S. 190, 200 (1983) (quoting Abbott Laboratories, 387 U.S. at 149). In Davis's case, the propriety of HUD's investigation does not appear to be an issue fit for judicial decision. Without knowing whether Wright's claim against Davis has merit, it is difficult to know whether HUD's investigation is appropriate. An agency, not a court, is generally the appropriate site for an initial determination of the merits of an action committed by statute to the agency's discretion. See McKart v. United States, 395 U.S. 185, 193-94 (1969); Singer v. P.R. Mallory & Co., Inc., 671 F.2d 232, 236 (7th Cir.1982). As for the second component of ripeness, hardship, "the cost and inconvenience of defending [oneself] is not alone sufficient to justify judicial intervention in the administrative process." Borden, Inc. v. FTC, 495 F.2d 785, 789 (7th Cir.1974) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 52 (1938); Renegotiation Board v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974)).
 
 
 7
 Provisions of the APA support the conclusion that injunctive relief is inappropriate in this case. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. One might interpret 5 U.S.C. § 706(1), which states that a "reviewing court" shall "compel agency action unlawfully withheld or unreasonably delayed," to permit a person being investigated to request a court to compel the investigating agency to speed up or conclude its investigation. However, Davis filed his complaint less than seven months after HUD began its investigation, not enough time to conclude that the resolution of the investigation was unreasonably delayed. See Cannon v. University of Chicago, 559 F.2d 1063, 1077 (7th Cir.1977) (delay of one year not unreasonable), rev'd on other grounds, 438 U.S. 914 (1978). A claim that the resolution was "unlawfully withheld" would seem to require, in Davis's case, proof that Wright's housing discrimination complaint is patently meritless--proof which Davis has not given.
 
 
 8
 Davis requests damages, costs, and any other "appropriate" sanctions against HUD. The APA waives an agency's sovereign immunity only for suits "seeking relief other than money damages." See 5 U.S.C. § 702; Bowen v. Massachusetts, 487 U.S. 879, 893 (1988). In the absence of another statutory provision that waives sovereign immunity from money damages for the types of claims made by Davis, he cannot recover damages from HUD. See Lane v. Pena, 116 S.Ct. 2092 (1996). And, because there are no appropriate claims for relief against HUD, there is no basis for awarding costs and imposing sanctions.
 
 
 9
 Finally, Davis requests damages from and an injunction against Wright. However, as the district court noted, in none of his "causes of action" does Davis attempt to state a claim against Wright. Without a claim against Wright, Davis cannot be entitled to damages from or an injunction against her.
 
 
 10
 For the reasons stated above, the judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Davis does not challenge the dismissal of his state constitutional claim
 
 
 [2]
 Of course, our conclusion that Davis has not stated valid causes of action is sufficient to affirm the judgment of the district court. Our conclusion that Davis could not receive the remedies he seeks is equally sufficient for affirmance
 
 
 [3]
 The cover pages of Davis appellate briefs name the Secretary of HUD as a defendant-appellee. However, Davis's complaint names the agency, not its Secretary, as a defendant, and seeks relief only against the agency. Assuming arguendo that the Secretary of HUD might be substituted as a defendant, Davis could seek appropriate injunctive relief against him. See Ogden v. United States, 758 F.2d 1168, 1177 & n. 5 (7th Cir.1985). However, as we explain infra, injunctive relief is inappropriate in this case