Brian E. **DAVIS**, Plaintiff–Appellant,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants–Appellees.**

No. 99–1831.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 23, 1999*

Decided Feb. 24, 2000

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P.34(a)(2).

Brian E. Davis (submitted), Delavan, WI, pro se.

Thomas P. Schneider, Office of the U.S. Attorney, Milwaukee, WI, for Defendants–Appellees.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

PER CURIAM.

Appellant Brian Davis previously owned a small, 15–unit rental building in Janesville, Wisconsin. In February 1994 Loretta Wright, an African–American woman, complained to Edna Brooks–Pittman of the Section Eight Rental Assistance Office in Janesville that Davis refused to rent to her on account of her race. Brooks–Pittman referred the complaint to the Chicago office of the United States Department of Housing and Urban Development ("HUD"). HUD agent Larry Burks then initiated an investigation of the alleged discrimination.

Relying on a Final Investigative Report prepared by Burks and other information and records provided by Brooks–Pittman, HUD attorney Elizabeth Crowder determined that reasonable cause existed to believe that Davis had engaged in discriminatory rental practices in violation of the Fair Housing Act. 42 U.S.C. §§ 3605, 3610. Consequently, Crowder issued a Charge of Discrimination. Attorneys with the United States Department of Justice ("DOJ") then filed a civil suit against Davis in federal district court on behalf of HUD and Wright as required by the Fair Housing Act. 42 U.S.C. § 3612(*o*)(1).

After extended discovery, the DOJ moved to dismiss the complaint it had filed on behalf of HUD and Wright. The district court granted the motion after the

DOJ agreed to dismissal with prejudice and also granted the DOJ's request to keep its reasons for dismissing the case under seal. The court dismissed without prejudice counterclaims that Davis had filed with his answer to the complaint.

Davis filed this action on February 26, 1998, in the United States District Court for the Eastern District of Wisconsin. Davis's complaint sought relief for what he alleges was a concerted effort among the defendants[1] to force him, a white male, to agree to a financial settlement with Wright, an African–American female, even though the defendants knew that Wright's complaint was false. Davis alleges that to further their extortion efforts, the defendants abused the power of their office to harass him, his family, and his business associates and to "browbeat" him into agreeing to the settlement. He further alleges that the defendants falsified evidence and filed perjurious and "evasive" documents with the district court. As a result of the defendants' actions, Davis claims that he incurred deep humiliation and significant financial losses defending himself.

Davis sought compensatory damages from all defendants, punitive damages from the defendants who were federal employees, and an apology from HUD and the DOJ. In his amended complaint, Davis specified that he was suing the federal employee defendants in their "official capacity" and attached an affidavit to that effect.

The defendants moved to dismiss for failure to state a claim and requested that defendants Brooks–Pittman and Burks be dismissed from the suit because they were not served properly. After Davis filed a response to the defendants' motions to dismiss, the district judge referred the case to a magistrate judge. On January 8, 1999, the magistrate judge recommended dismissal of all of Davis's claims but one— the Privacy Act claim. After both Davis and the defendants filed objections, the district court dismissed Davis's complaint in full. The district court adopted all of the magistrate judge's recommendations regarding claims that should be dismissed and held that the Privacy Act claim should also be dismissed because Davis had neither exhausted his administrative remedies nor filed a timely claim. Davis filed a motion for reconsideration which the district court denied.

On appeal, Davis claims that the district court erroneously dismissed his complaint. He renews on appeal the same issues he raised in the district court: 1) immunity should not bar his claims for damages; 2) he was not required to personally serve Burks and Brooks–Pittman because he was suing them in their official capacity as employees of HUD; 3) he was not required to exhaust administrative remedies prior to initiating suit under the Privacy Act; 4) the defendants violated his rights under the Fourth and Fifth Amendments when they subpoenaed business and personal records kept in his home; and 5) the Fair Housing Act should be found unconstitutional. Based upon our de novo review, we conclude that Davis's complaint was properly dismissed.

First, Davis argues that sovereign immunity does not bar claims brought against the United States and its officers under 42 U.S.C. § 1981. Whether Davis is correct is an issue we need not decide, however, since subsection (c) of § 1981 states that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law.*" (emphasis added). Thus, by its language, § 1981 does not apply to actions taken under color of federal law. *See Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir.

---

1. Davis named Brooks–Pittman, Burks, Crowder, Peggy Lautenschlager, Mark Cameli, and Richard Humphrey as individual defendants. Brooks–Pittman, Burks, and Crowder were employed by HUD. The remaining defendants were employed by the DOJ. He named HUD and the Department of Justice as agency defendants.

1998); *Williams v. Glickman*, 936 F.Supp. 1, 3–5 (D.D.C.1996). Davis has specified that he is suing the defendants in their capacity as federal employees for actions authorized by the Fair Housing Act. Thus, the alleged § 1981 violations for which Davis seeks redress all took place under color of federal law and are not actionable under § 1981.

■ In addition to his § 1981 claims, Davis also alleges that the individually named defendants violated his rights under 42 U.S.C. §§ 1985(3) and 1986. Sovereign immunity, however, bars §§ 1985(3) and 1986 suits brought against the United States and its officers acting in their official capacity. *See Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir.1999). Because Davis has chosen to sue the defendants only in their official capacity, his claims are barred.

■ Davis next claims that the district court erroneously dismissed his Privacy Act claim for failure to exhaust administrative remedies. For Davis's Privacy Act claim to survive dismissal, however, he must have brought it within the two-year statute of limitations. 5 U.S.C. § 552a(g)(5). The statute of limitations starts to run when the plaintiff first knew or had reason to know of a violation. *See Bowyer v. United States Dept. of Air Force*, 875 F.2d 632, 635 (7th Cir.1989); *see also Diliberti v. United States*, 817 F.2d 1259, 1262 (7th Cir.1987). A Privacy Act claim is not tolled by continuing violations. *See Diliberti*, 817 F.2d at 1261.

■ Davis claims that HUD attorney Crowder filed a Charge of Discrimination against him on January 17, 1996 based upon records improperly obtained from Brooks–Pittman and a falsified Final Investigative Report prepared by Burks. He also alleges that Crowder failed to verify any exculpatory information he provided prior to filing the Charge and that she then improperly transferred records used in preparing the Charge to the DOJ.

Based upon these allegations, the district court found that Davis had reason to know that HUD was violating the Privacy Act at least as early as January 17, 1996, when Crowder filed the allegedly inaccurate Charge of Discrimination. Davis, however, waited more than two years before filing his complaint on February 27, 1998. Davis therefore failed to bring his claim within the time allowed by the statute of limitations.

■ "Where the government's consent as sovereign to be sued is conditioned upon the filing of suit within a specified period of time, strict compliance with that condition is a jurisdictional prerequisite." *Id.* It was Davis's burden to establish that the statute of limitations had been met in order to invoke the district court's jurisdiction, *see Bowyer*, 875 F.2d at 635, and he has failed to do so. Because the district court properly dismissed this claim for lack of subject matter jurisdiction, we need not reach the question of whether Davis was required to exhaust administrative remedies prior to filing his claim.

■ Davis next contends that the district court erroneously dismissed his claims regarding the defendants' illegal seizure of his personal and business records during discovery. Davis argues that the defendants' actions violated his rights under the Fourth and Fifth Amendments. The district court dismissed Davis's claims based upon our decision in Davis's earlier case, *Davis v. United States Dept. of Housing and Urban Development*, No. 95–2586, 1996 WL 467650 (7th Cir. Aug. 14, 1996) (unpublished order), in which we determined that the Fourth and Fifth Amendments were not applicable to documents the government obtains pursuant to discovery while prosecuting a civil complaint. *Id.* Because res judicata bars Davis from relitigating whether the Fourth and Fifth Amendment protect him from complying with lawful discovery orders, those claims were properly dis-

missed. *See Humphrey v. Tharaldson,* 95 F.3d 624, 626 (7th Cir.1996).

Finally, Davis appeals the district court's ruling upholding the constitutionality of the Fair Housing Act. The defendants, however, argue that this claim is moot because the complaint alleging Davis violated the Act has been dismissed with prejudice. We agree with the defendants that a case becomes moot if the court is unable to grant relief affecting the legal rights of the parties. *See Air Line Pilots Ass'n, Int. v. UAL Corporation,* 897 F.2d 1394, 1396 (1994). Because no Fair Housing Act complaints are pending against Davis, his claim is moot.

For the reasons stated above, we AFFIRM the judgment of the district court.