Sanchez v. Walentin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> PAUL A. ENGELMAYER,[*]
> > *District Judge.*

---

Gerardo Sanchez,

> *Plaintiff-Appellant*,

-v.-                                                            12-1316

Kimberly Walentin, personally, *et al.*,

> *Defendants-Appellees*,

Yonkers Law Firm John/Jane Does 1-20,

> *Defendants*.

---

[*]Hon. Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:          Gerardo Sanchez, *pro se*, Astoria, New York.


FOR APPELLEES:          Ryan D. Mitola, Schneider Mitola LLP, Garden City, New York,
                        *for Appellees Kimberly Walentin, Monzur Haque, Rachel Haque,*
                        *Maria Flores, John G. Angelet, Roy R. Spells, Robert Walentin,*
                        *Rodney McLean, Albert Weiss, Herman Fruend, Percy Goldman,*
                        *Foundry Condominium Association, Board of Managers as Agent*
                        *for the Foundry Condominium Association Board John/Jane Does*
                        *1-20, Maria Diee, Doreen Brown, John J. Lease, III, and John J.*
                        *Lease Management Co. Inc.*

                        Peter T. Shapiro, Lewis Brisbois Bisgaard & Smith LLP, New
                        York, New York, *for Appellees Milber, Makris, Plousadis &*
                        *Seiden, LLP, and Patrick Palladino.*

                        Steven A. Coploff, Of Counsel, Steinberg & Cavaliere, LLP,
                        White Plains, New York, *for Appellees Smith, Buss and Jacobs,*
                        *LLP, Matthew Smith, Yael Wepman, and Kenneth R. Jacobs.*

Appeal from orders of the United States District Court for the Southern District of New

York (Briccetti, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court's January 31, 2012, and March 8, 2012 orders are

**AFFIRMED**.

Appellant Gerardo Sanchez, *pro se*, appeals from the district court's decision granting the

Appellees' motions to dismiss his complaint on the ground that Appellant attempted to proceed

*pro se* with claims that belonged to a corporation.  We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

First, we address the scope of our appellate jurisdiction, which the Appellees dispute.

The district court's January 31, 2012 order granted the Appellees' motions to dismiss but granted

Appellant leave to replead.  Similarly, the district court's March 8, 2012 order denied

2

Appellant's motion for reconsideration and again granted him leave to replead. Those orders were non-final for purposes of appellate jurisdiction. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). Appellant's subsequent notice of appeal, however, filed after issuance of the above non-final orders but before issuance of the district court's final order and judgment, ripened into a valid notice of appeal from the January 31, 2012 and March 8, 2012 orders. *See Cmty. Bank, N.A. v. Riffle*, 617 F.3d 171, 174 (2d Cir. 2010) (*per curiam*). Appellant nonetheless failed to file a notice of appeal from the district court's March 27, 2012 final order and judgment, and thus we lack jurisdiction to review that order and judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Turning to the merits of the appeal, to the extent the district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to name a party as required by Rule 19, we review that decision for abuse of discretion. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999). To the extent the district court dismissed the complaint pursuant to Rule 12(b)(6), we review that decision *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The district court did not err in requiring Appellant to file an amended complaint, through counsel, naming the proper corporate entity as plaintiff. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. However, a layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, or a partnership where he is a partner. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009); *see also*

3

*Jones v. Niagra Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). Thus, Appellant could not have brought claims on behalf of a corporation. Although Appellant's complaint alleged that a corporation named Polonia had assigned its claims to him, we have specifically barred the assignment of claims by a corporation to a layperson so as to permit the layperson to proceed *pro se*. *See Jones*, 722 F.2d at 23 (affirming the dismissal of a complaint where non-attorney proceeding *pro se* claimed that a corporation had assigned its claims to him).

In his motion for reconsideration, Appellant claimed that only some of the claims belonged to Polonia, and others were his alone. Appellant raised that claim for the first time in a motion for reconsideration, however, and we "generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal quotations and alterations omitted). While this rule is prudential, its suspension is more likely when the issues in question are purely legal and thus require no fact finding. *Id*. Here, consideration of Appellant's arguments would require a determination of the identity of the entity known as "Polonia," as well as an examination of which claims belong to the corporation and which claims, if any, belong to Appellant. We decline to undertake such fact finding here.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, the district court's January 31, 2012, and March 8, 2012 orders are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4