Wholey v Amgen, Inc. (2018 NY Slip Op 06692)





Wholey v Amgen, Inc.


2018 NY Slip Op 06692


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Webber, Singh, JJ.


7253 162934/15

[*1]Lauren Wholey, et al., Plaintiffs-Respondents, 
v
Amgen, Inc., et al., Defendants-Appellants.


Hogan Lovells US LLP, New York (Daryl L. Kleiman of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Alan E. Rothman of counsel), for appellants.
Excolo Law, PLLC, New York (Ari Kresch of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 9, 2017, which, to the extent appealed from, denied defendants' motion to dismiss the complaint except for the claim of defective manufacturing, unanimously modified, on the law, to grant the motion as to claims of injuries that occurred during the clinical trial and as to the cause of action for violation of General Business Law §§ 349 and 350 and the causes of action for "fraud," "fraudulent misrepresentation," and "fraudulent concealment," and otherwise affirmed, without costs.
As the sponsors of a clinical trial, defendants owed no duty to plaintiff Lauren Wholey, an enrollee in the trial (see Sykes v United States, 507 Fed Appx 455, 462 [6th Cir 2012]; Abney v Amgen, Inc., 443 F3d 540, 550 [6th Cir 2006]). Thus, her claims concerning the drug Enbrel must be limited to those that allegedly arose after she stopped participating in the trial and was prescribed the drug as a patient.
The claim of violation of General Business Law §§ 349 and 350 must be dismissed, because the generally alleged deceptive practice of failing to provide adequate warnings by concealing information is, as a matter of law, not a practice directed at consumers (see Amos v Biogen Idec Inc., 28 F Supp 3d 164, 173-174 [WD NY 2014]).
The complaint fails to plead the various claims of fraud with the requisite particularity (see CPLR 3016[b]; Devore v Pfizer Inc., 58 AD3d 138, 143-144 [1st Dept 2008], lv denied 12 NY3d 703 [2009]).
The learned intermediary doctrine does not compel dismissal of the claims that the drug's warning labels were insufficient, since the claims are premised not on defendants' failure to warn plaintiff directly but on their failure to provide proper warnings to her prescribing medical professionals (see Martin v Hacker, 83 NY2d 1, 9 [1993]). Nor did defendants show that the warnings are sufficient as a matter of law (see id.).
The claim that defendants breached the implied warranties of fitness and merchantability by holding Enbrel out as reasonably fit and suitable when it was actually unreasonably dangerous is sufficiently pleaded (see generally Friedman v Medtronic, Inc., 42 AD2d 185 [2d Dept 1973]).
Defendants are correct that there is no independent cause of action for punitive damages (see Rivera v City of New York, 40 AD3d 334, 344 [1st Dept 2007], lv dismissed 16 NY3d 782 [2011]). However, their argument that plaintiffs cannot seek punitive damages in connection with their other claims is incorrect (see e.g. Pludeman v Northern Leasing Sys., Inc., 40 AD3d 366, 369 [1st Dept 2007], affd 10 NY3d 486 [2008]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK