RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0253p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JOHN A. OLAGUES, a shareholder of TimkenSteel
Corporation,

*Plaintiff-Appellant*,

v.

No. 18-3351

WARD TIMKEN, JR.; TIMKENSTEEL CORPORATION,

*Defendants-Appellees*.

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:17-cv-01870—John R. Adams, District Judge.

Decided and Filed: November 14, 2018

Before: ROGERS, KETHLEDGE, and NALBANDIAN, Circuit Judges.[1]

───────────────

**COUNSEL**

**ON BRIEF:** Geoffrey J. Ritts, Brandon G. Mordue, JONES DAY, Cleveland, Ohio, Frank A. DiPiero, Kristine Syrvalin, TIMKENSTEEL CORPORATION, Canton, Ohio, for Appellees. John Olagues, River Ridge, Louisiana, pro se.

───────────────

**ORDER**

───────────────

NALBANDIAN, Circuit Judge. John Olagues is a self-proclaimed stock options expert, travelling the country to file claims under § 16(b) of the Securities and Exchange Act of 1934.

───────────────

[1]This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is unnecessary. *See* Fed. R. App. P. 34(a).

Under § 16(b), a shareholder can bring an insider trading action to disgorge "short-swing" profits that an insider obtained improperly. But there is a catch. Although the shareholder can bring the lawsuit, any recovery goes only to the company. In other words, § 16(b) allows a shareholder to pursue claims on behalf of the company. This creates a problem for Olagues because he begins most of his lawsuits in the same way: without an attorney. And because a pro se plaintiff cannot represent the interests of a company, we affirm the district court's decision that Olagues cannot proceed pro se under § 16(b). But we remand to give Olagues the opportunity to retain counsel and file an amended complaint with counsel.

## I.

This lawsuit dates from February 2015 when Ward Timken, Jr., president and CEO of TimkenSteel Corporation, exercised a stock option and transferred TimkenSteel stock that he owned back to the company. But less than six months later, Mr. Timken purchased TimkenSteel stocks on the open market. After discovering this transaction, Olagues contacted Mr. Timken and TimkenSteel asserting that Olagues was a shareholder and that, on behalf of TimkenSteel, he was seeking recovery of the short swing profits earned by Mr. Timken through his trading.[2] Mr. Timken and TimkenSteel informed Olagues that they would not make any payments to him personally.

Olagues then filed a complaint under § 16(b), alleging that Mr. Timken had engaged in short-swing trading by purchasing new TimkenSteel stock on the open market within six months of transferring his old stock to TimkenSteel. He sought $554,700 in damages—the profit Mr. Timken earned through the purportedly forbidden trade.

Mr. Timken and TimkenSteel moved to strike Olagues' complaint under Federal Rule of Civil Procedure 12(f). They argued that TimkenSteel was the real party in interest and that, as a pro se litigant, Olagues could not represent TimkenSteel's interests or those of other

---

[2]To explain "short-swing" profits, picture this: an officer of a company "buys 100 shares at $5 in January and sells these same shares in February for $6, he or she would have made a profit of $100. [But] [b]ecause the shares were bought and sold within a six-month period, the officer would have to return the $100 to the company under the short-swing profit rule." *See* Investopedia, *Short-Swing Profit Rule*, https://www.investopedia.com/terms/s/shortswingprofitrule.asp (citing § 16(b) of the SEC Act) (last visited Oct. 24, 2018).

shareholders.  The district court agreed—granting the motion to strike Olagues' complaint and dismissing the action.  As the district court explained, Olagues, as a pro se litigant, could not pursue a § 16(b) claim on behalf of TimkenSteel because he would be representing the interests of the company.

Olagues then moved for reconsideration under Federal Rule of Civil Procedure 59(e), but the district court summarily denied the motion.  On appeal, Olagues argues that § 16(b) provides for a private right of action and contains no textual requirement that a shareholder obtain counsel.  We review de novo the district court's decision to dismiss the complaint.  *See Winget v. JP Morgan Chase Bank, NA*, 537 F.3d 565, 572 (6th Cir. 2008).

## II.

This is not Olagues' first lawsuit.  Instead, this action is one of Olagues' many § 16(b) lawsuits around the country.  By defendants' count, this appears to be one of at least fourteen lawsuits that Olagues filed within just the last two years.  But there is some confusion over whether Olagues can maintain these lawsuits pro se.  Many district courts have dismissed Olagues' complaints with instructions to obtain counsel and file an amended complaint through counsel.  *See, e.g.*, *Olagues v. Remondi*, No. 17-1004, 2018 WL 2316657, at *1 (D. Del. Mar. 28, 2018); *Olagues v. Steinour*, No. 2:17-cv-49, 2018 WL 300377, at *3 (S.D. Ohio Jan. 4, 2018); *Olagues v. Muncrief*, No. 17-cv-153, 2017 WL 2471062, at *1 (N.D. Okla. June 6, 2017).

But other courts, including the Second Circuit, have considered the merits of Olagues' § 16(b) suits despite his pro se status.  *See, e.g.*, *Olagues v. Perspective Advisors LLC*, 902 F.3d 121, 122, 125–26 (2d Cir. 2018); *Olagues v. Semel*, No. 3:06-cv-4286, 2007 WL 2188105, at *2–3 (N.D. Cal. Jan. 18, 2007), *aff'd per curiam*, 235 F. App'x 499, 500 (9th Cir. 2007).  It does not appear, however, that defendants in these cases objected to Olagues proceeding pro se.  Adding to the confusion, the Fifth Circuit recently considered the merits of a § 16(b) suit despite another plaintiff's pro se status.  *Jordan v. Flexton*, 729 F. App'x 282, 283, 285–86 (5th Cir. 2018) (per curiam); *see also Morales v. Mapco, Inc.*, 541 F.2d 233, 234 (10th Cir. 1976) (pro se plaintiff in § 16(b) suit).  And neither our court nor any of our sister circuits has directly addressed a plaintiff's ability to proceed pro se under § 16(b).

**III.**

We have long recognized, under 28 U.S.C. § 1654, that plaintiffs in federal court may not "appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (italicization omitted). Indeed, we have consistently interpreted § 1654 as prohibiting pro se litigants from trying to assert the rights of others. *See, e.g.*, *Midell v. Hamilton Cty. Dep't. Job & Family Servs.*, No. 17-3273, 2017 WL 4216581, at *1 (6th Cir. July 18, 2017) (order); *Sykes v. United States*, 507 F. App'x 455, 459–60 (6th Cir. 2012). And our sister circuits routinely adhere to this same general rule. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases from Second, Fourth, Eighth, and Ninth Circuits); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008); *Tai v. Hogan*, 453 F.3d 1244, 1254–55 (10th Cir. 2006); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015).

We apply this rule for good reason. "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quotation marks and citations omitted). Said another way, "[t]he purpose of the rule . . . is to protect third parties." *Id.* So while a pro se plaintiff can "squander" his own rights, he cannot waste the rights of other persons or entities. This is why, "under longstanding tradition, 'a corporation can only appear by an attorney.'" *Id.* (quoting *Osborn v. Bank of U.S.*, 22 U.S. 738, 829 (1824)); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *see also Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (characterizing this rule as "venerable and widespread")). Thus, Olagues' ability to proceed pro se under § 16(b) depends on whether he is trying to litigate a personal right, or instead, a right that belongs to TimkenSteel.

**IV.**

Section 16(b) prohibits insiders, in some circumstances, from making short-swing profits. 15 U.S.C. § 78p(b); *Sterman v. Ferro Corp.*, 785 F.2d 162, 165 (6th Cir. 1986) (discussing § 16(b)). In simple terms, § 16(b) requires insiders to return profits from buying and selling

company stock if both transactions occurred within six months. *See* 15 U.S.C. § 78p(b). To police this, Congress created a private right of action where either "the issuer"—*i.e.*, the company—or "the owner of any security of the issuer"—*i.e.*, a shareholder—could file a lawsuit to recover the profits. *Id.* But in the latter scenario, the shareholder brings the lawsuit "in the name and in behalf of the issuer"—here, TimkenSteel. *Id.* And even if the shareholder wins the lawsuit, any profits recovered "shall inure to and be recoverable by the issuer"—again, TimkenSteel. *Id.* Thus, while Olagues had the ability to file a lawsuit under § 16(b), he could do so only "in the name and in behalf of" TimkenSteel to recover alleged profits that would "inure to and [are] recoverable" by TimkenSteel. In other words, Olagues would receive no direct benefit. Instead, he is trying to litigate a right that goes to TimkenSteel.

This is consistent with the Supreme Court's analysis in *Gollust v. Mendell*, 501 U.S. 115 (1991). As the Court explained, a shareholder has standing to bring a § 16(b) suit because he has an indirect financial interest in the outcome of litigation (although this "interest" is the small chance for a "marginal increase in the value of the share" if the profits are returned). *Id.* at 127. But a shareholder "will have no direct financial interest in the outcome of the litigation, since any recovery will inure only to the issuer's benefit." *Id.* So while a shareholder "has a private right to sue, he is still suing on behalf of another entity—the issuer—under the statute." *Steinour*, 2018 WL 300377, at *3; *see also Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) ("Courts have repeatedly held that the substantive right in a stockholder's derivative suit is that of the corporation."); *Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 175–76 (2d Cir. 2012) (explaining that § 16(b) is a procedural device to enforce the issuer's rights).

Thus, applying our general rule under § 1654, a plaintiff cannot proceed pro se under § 16(b) because he is representing the interests of a company.[3] The district court properly decided that Olagues cannot proceed pro se on behalf of TimkenSteel.

---

[3]Olagues also questions whether he or TimkenSteel would have to pay attorney's fees under § 16(b) if he were represented by an attorney. Olagues does not explain this issue any more and, on appeal, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 n.5 (6th Cir. 2013) (quoting *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)). And even if Olagues had developed this argument, we are not in the business of answering "hypothetical questions or possibilities." *See City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989).

## V.

Olagues also argues that the district court improperly struck his entire complaint under Federal Rule of Civil Procedure 12(f). He has a point. Rule 12(f) permits a court to "strike *from* a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). But Rule 12(f) "is neither an authorized nor proper way to procure the dismissal of all or a part of a complaint." 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (3d ed. supp. 2018). That said, dismissal of the complaint is proper under the court's inherent power if Olagues refuses to obtain counsel and file an amended complaint with counsel. *See, e.g.*, *Moncrief*, 2017 WL 2471062, at *1 (giving Olagues one month to re-file); *Remondi*, 2018 WL 2316657, at *1 (giving Olagues fourteen days to re-file); *Steinour*, 2018 WL 300377, at *3 (giving Olagues thirty days to re-file).

Thus, we **AFFIRM** the district court's judgment that Olagues cannot proceed pro se and **REMAND** to the district court to give Olagues the opportunity to retain counsel.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk